

# Notice of Service of Process

null / ALL
Transmittal Number: 21469377
Date Processed: 05/04/2020

| | |
|---|---|
| **Primary Contact:** | Arnold D'Angelo<br>Zurich North America<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056 |
| **Electronic copy provided to:** | Vicky Russell |
| **Entity:** | Zurich American Insurance Company<br>Entity ID Number 2746725 |
| **Entity Served:** | Zurich American Insurance Co |
| **Title of Action:** | Patti's Holding Company, LLC vs. Zurich American Insurance Company |
| **Matter Name/ID:** | Patti's Holding Company, LLC vs. Zurich American Insurance Company (10221990) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Livingston County Circuit Court, KY |
| **Case/Reference No:** | 20-CI-00033 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 05/01/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | E. Frederick Straub, Jr.<br>270-443-4516 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A**

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **20-CI-00033**<br>Court: **CIRCUIT**<br>County: **LIVINGSTON** |

*Plantiff,* PATTI'S HOLDING COMPANY, LLC, ET AL VS. ZURICH AMERICAN INSU, *Defendant*

TO: ZURICH AMERICAN INSURANCE CO
CORPORATION SERVICE COMPANY
421 W. MAIN STREET
FRANKFORT, KY 40601

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Debbie Harp Knoth,
Livingston Circuit Clerk
Date: 4/24/2020

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: 240532516944406@00000019368
CIRCUIT: 20-CI-00033 Certified Mail
PATTI'S HOLDING COMPANY, LLC, ET AL VS. ZURICH AMERICAN INSU



Page 1 of 1

eFiled

Package:000002 of 000012   Presiding Judge: HON. C.A. WOODALL (656279)   Package : 000002 of 000012

**COMMONWEALTH OF KENTUCKY**
**LIVINGSTON CIRCUIT COURT**
**CIVIL ACTION NO. 20-CI-** 00033

**PATTI'S HOLDING COMPANY, LLC,**
**PATTI'S ENTERPRISES, LLC, WILLIAM G. TULLAR, JR AND**
**MICHAEL LEE GRIMES**                                    **PLAINTIFFS**

v.                          **COMPLAINT**
                          (electronically filed)


**ZURICH AMERICAN INSURANCE COMPANY**                    **DEFENDANT**
   Serve: Registered Agent
          Corporation Service Company
          421 W. Main Street
          Frankfort, KY  40601


PLAINTIFFS, **PATTI'S HOLDING COMPANY, LLC, PATTI'S ENTERPRISES, LLC, WILLIAM G. TULLAR, JR,** (a/k/a Chip Tullar) **AND MICHAEL LEE GRIMES** (collectively referred to herein as **Patti's**), by counsel, for their complaint against the defendant **ZURICH AMERICAN INSURANCE COMPANY (Zurich),** state as follows:

### PARTIES

1. Plaintiff, Patti's Holding Company, LLC is the sole owner of Patti's Enterprises, LLC and Patti's Holding Company, LLC, is wholly owned by Tullar and Grimes. Patti's Enterprises, LLC is a Kentucky Limited Liability Company, doing business as Patti's 1880 Settlement in Grand Rivers, Livingston County, Kentucky.

2. Defendant, Zurich, is a foreign corporation, but states its principal place of business as 1299 Zurich Way, Schaumburg, IL 60196, authorized to do business and actually doing

business in the Commonwealth of Kentucky and may be served by service of process on its Registered Agent, Corporation Service Company, 421 W. Main Street, Frankfort, KY 40601.

3. Patti's Enterprises, LLC was the named insured in a policy of commercial insurance issued by Zurich American Insurance Company which was effective on February 5, 2018.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter as the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. This Court has jurisdiction over Defendant, Zurich as it has subjected itself to the jurisdiction of the courts of the Commonwealth as an insurer licensed by the Kentucky Department of Insurance and does business within the Commonwealth of Kentucky and has sufficient contacts with the Commonwealth of Kentucky to confer jurisdiction in this Court.

6. Venue is proper as the property which was insured and has been destroyed was located in Livingston County, Kentucky.

## FACTS

7. Patti's owns and operates a multiple acre commercial development in Grand Rivers, Kentucky, under the trade name "Patti's 1880's Settlement". The development is primarily comprised of a restaurant/office/gift shop building structure with multiple secondary buildings, gardens, streams and various amenities.

8. Beginning in at least 2011, and each and every year thereafter, Patti's obtained from Zurich a series of commercial insurance policies which insured its properties and

business operations from casualty and loss as more particularly described in the policies.

9. Each year, the policies of insurance were solicited and written by Senior Vice-President Mark Bayers, of Assured Partners, a recognized representative of Zurich and authorized to sell, write and issue insurance policies of this type to commercial customers such as Patti's.

10. The purpose of the coverage as purchased by Patti's was to protect the business in the event of loss with coverage which would replace the existing properties and businesses with new materials of like kind and quality.

11. Each year Bayers would visit the properties and Chip Tullar and Mark Bayers would examine the properties and agree upon values to repair and replace the properties in the event of partial or total loss. At no time before the fire in question did Zurich ever question the values assigned, nor did any person other than Bayers, on behalf of Zurich, visit the premises in an effort to confirm or question the values assigned. Patti's would then be charged, and would pay, a premium calculated upon those estimates.

12. The policy issued for the policy year 9/29/17 to 8/29/18 was policy number CPO 6724506-07. The premises were each listed separately and with a blanket limit of insurance of $24,001,306.00. In addition, loss of business income and expense was assigned a blanket limit of insurance of $4,055,040.00.

13. On February 5, 2018, a fire caused the total destruction of the restaurant/office/gift shop building with considerable damage to the surrounding grounds and gardens. According to the indemnity provision of the policy referred to above, it was the obligation of Zurich to pay replacement cost. Replacement cost is defined in the policy to mean the

Package:000005 of 000012
Presiding Judge: HON. C.A. WOODALL (656279)
Package : 000005 of 000012

cost to repair or rebuild the "real property" or "personal property" at the time of direct physical loss or damage with new materials of like kind and quality, of similar size, for the same use or occupancy, and in compliance with all applicable zoning, land use, or construction codes in force at the time of loss or damage. This includes the cost to reconstruct or remodel undamaged portions of the "real property" when those costs are a consequence of enforcement of such codes.

14. Patti's has complied with all conditions of the policy of insurance.

15. The premises have been substantially replaced and rebuilt and Zurich has refused and is unwilling to pay the cost to rebuild and replace with new materials of like kind and quality, of similar size and for the same use or occupancy and in compliance with all applicable zoning, land use or construction codes in force at the time of loss.

## COUNT 1—BREACH OF CONTRACT

16. Each and every allegation and averment above is reiterated in this Count.

17. Pursuant to policy of insurance CPO 6724506-07 issued by Zurich, Zurich agreed to indemnify and reimburse Patti's for loss by fire by repairing or replacing damaged property, both real and personal, by repairing or replacing with new materials of like kind and quality, and of similar size, for the same use and occupancy.

18. On February 5, 2018, a fire caused significant and virtually complete destruction of the restaurant facility, gift shop and offices, and nearly total destruction and devastation of the Patti's operations.

19. Patti's has complied with all terms of the policy and the premises and business personal property have now been substantially repaired and replaced in the manner ascribed by the policy.

20. Despite demand by Patti's, Zurich has refused and failed to pay the reasonable value of the loss in an amount not to exceed $24,001,306.00, the maximum proceeds of the policy.

21. The failure and refusal of Zurich to pay the costs associated with the repair and reconstruction of the premises is a breach of its contract of insurance agreement with Patti's and has resulted in substantial loss to Patti's.

## COUNT 2—VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

22. Each and every allegation and averment above is reiterated in this Count.

23. Pursuant to the laws of the Commonwealth of Kentucky, as an insurer, Zurich owed duties of good faith and fair dealing in its actions toward Patti's in the efforts to resolve this claim.

24. KRS 304.12-230 and KRS 304.12-235, and regulations promulgated thereunder, detail acts that are to be considered as unfair claims settlement practices, and provide remedies for such actions. Among other violations, Zurich committed the following violations:

   a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

   b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   c. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   d. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

  e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

  f. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

  g. Delaying the investigation or payment of claims by requiring an insured or claimant to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

  h. Failing to promptly settle claims, where liability has become reasonably clear, under one (1) portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

25. As a direct result of some or all of the foregoing acts, Patti's is in a precarious financial position.

26. With full knowledge of the precarious financial condition of Patti's, Zurich has attempted to use that fact in an effort to leverage or force a settlement for far less than a reasonable person would deem appropriate.

27. The failure of Zurich to make a good faith attempt to settle this claim entitles Patti's to interest at the rate of 12% on any sums ultimately recovered.

28. The failure of Zurich to pay this claim without a reasonable foundation entitles Patti's to be reimbursed a reasonable attorney's fee.

29. As a result of the egregious actions of Zurich, the principals of Patti's have suffered emotional distress and anxiety and are entitled to compensation for their damages.

### COUNT 3—BAD FAITH

29. Each and every allegation and averment above is reiterated in this Count.

30. Under common law in the Commonwealth of Kentucky, insurers have a fiduciary duty to deal fairly and in good faith with insureds.

31. Zurich lacked a reasonable basis to deny aspects of this claim and delayed payment to Patti's and knew or should have known, or acted recklessly, in failing to pay the claim when there was no reasonable basis to deny the claim.

32. Zurich either knew or should have known that there was no reasonable basis to fail to pay the claim and acted toward Patti's with reckless disregard for whether such a basis existed and its actions toward Patti's were outrageous and with reckless indifference to the rights of Patti's.

33. These violations by Zurich have damaged Patti's.

### COUNT 4—PUNITIVE DAMAGES

34. Each and every allegation and averment above is reiterated in this Count.

35. Zurich acted toward Patti's maliciously, willfully, oppressively and with knowledge that its actions would cause injury, damages, loss and distress to Patti's, and with reckless disregard, gross negligence and/or severe and reckless indifference to the consequences of its conduct.

36. Zurich's actions toward Patti's were outrageous.

37. As a result of Zurich's actions, Patti's is entitled to an award of punitive damages.

### COUNT 5—KRS 304.12-010

38. Each and every allegation and averment above is reiterated in this Count.

39. Pursuant to KRS 304.12-010, insurers are prohibited from engaging in any unfair or deceptive act or practice.

40. Zurich engaged in unfair and deceptive acts and practices in the course of its handling of this claim.

41. Patti's has been damaged by Zurich's violations of KRS 304.12-010.

### COUNT 6—ESTOPPEL

42. Each and every allegation and averment above is reiterated in this Count.

43. Following the fire loss, Patti's complied with all policy provisions and provided to Zurich plans of an architect and contracts with a builder in an effort to begin replacing and repairing the premises pursuant to the terms of the policy.

44. Patti's, in conjunction with the architect and builder and with the full knowledge of Zurich, commenced construction.

45. Zurich advanced sums of money under the policy allowing Patti's to proceed with the construction utilizing the architect and contractor known to Zurich.

46. Only after substantial construction had commenced did Zurich inform Patti's that it would pay no more toward the loss.

47. Patti's entered into the contracts with the builder and architect reasonably relying on the fact that Zurich knew of these efforts and reasonably believing that Zurich expressly or impliedly authorized the construction efforts and costs.

48. Patti's reasonable reliance on the actions of Zurich to its detriment, has caused great prejudice and loss to Patti's.

Package:000010 of 000012

Presiding Judge: HON. C.A. WOODALL (656279)

Package : 000010 of 000012

WHEREFORE, plaintiffs, **PATTI'S HOLDING COMPANY, LLC, PATTI'S ENTERPRISES, LLC, WILLIAM G. TULLAR, JR,** (a/k/a Chip Tullar) **AND MICHAEL LEE GRIMES,** demand judgment against the defendant, Zurich American Insurance Company as follows:

A. Judgment for all sums due and owing under the policy of insurance, which sums vastly exceed the minimum jurisdictional limits of this Court;

B. Judgment for inconvenience, emotional loss, and all other damages permitted as a result of defendant's violation of KRS 304.12-230 and KRS 304.12-010, including statutory attorney's fees;

C. Judgment for damages caused by defendant's common law bad faith;

D. Punitive damages;

E. Pre-judgment and Post-judgment interest;

F. Interest at the rate of 12% because of defendant's violation of KRS 304.12-235;

G. Reasonable attorney's fees pursuant to statute and common law;

H. Trial by jury; and

I. Any and all other proper relief to which Defendants may appear to be entitled.

RESPECTFULLY SUBMITTED

WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
Attorneys for PATTI'S HOLDING COMPANY, LLC, PATTI'S ENTERPRISES, LLC, WILLIAM G. TULLAR, JR, (a/k/a Chip Tullar) AND MICHAEL LEE GRIMES

BY:  /s/ E. Frederick Straub, Jr.
     E. Frederick Straub, Jr., Esq.
     300 Broadway
     Post Office Box 995
     Paducah, Kentucky 42002-0995
     Telephone: (270) 443-4516
     Facsimile: (270) 442-1712
     rstraub@whitlow-law.com

Package:000012 of 000012
Presiding Judge: HON. C.A. WOODALL (656279)
Package : 000012 of 000012



Debbie Harp Knoth
Circuit Court Clerk
Livingston Circuit & District
Livingston County Justice Ce
122 West Adair Street • P.O.
Smithland, Kentucky 42081-0



9414 7266 9904 2964 4204 93
RETURN RECEIPT REQUESTED

ZURICH AMERICAN INSURANCE CO
CORPORATION SERVICE COMPANY
421 W. MAIN STREET
FRANKFORT, KY   40601



PITNEY BOWES
US POSTAGE
02 7H      $ 012.65
0001260417   APR 27 2020
MAILED FROM ZIP CODE 42081