**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-CV-00084-TBR**

**PATTI'S HOLDING COMPANY, LLC,** *et al.*                                              **PLAINTIFFS**

**v.**

**ZURICH AMERICAN INSURANCE COMPANY**                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' three Motions in Limine, [DN 24; DN 25; DN 26], and Plaintiffs' Motion to Deem Federal Rule of Civil Procedure 36 Requests for Admission as Admitted. [DN 27]. Defendant responded. [DN 29; DN 30; DN 31; DN 32]. The matters are ripe for adjudication. For the reasons stated below, Plaintiffs' Motions in Limine, [DN 24, DN 25, DN 26], are **GRANTED** and Plaintiffs' Motion to Deem Requests for Admission as Admitted is **DENIED**. [DN 27].

**I.     Background**

On February 5, 2018 a fire caused significant damage to Patti's restaurant, office, and gift shop. [DN 1-1; DN 4]. In May of 2020, Plaintiffs, Patti's Holding Company, LLC, Patti's Enterprises, LLC, William G. Tullar, Jr., and Michael Lee Grimes filed a complaint against Defendant Zurich American Insurance Company claiming breach of contract, violation of the Unfair Claims Settlement Practices Act, bad faith, punitive damages, violation of KRS 304.12-010, and estoppel due to Defendant's alleged unwillingness to pay the cost to rebuild and replace materials after the fire. [DN 1-1]. Plaintiffs' filed a notice of service with the Court on July 23, 2020, stating that they had served Defendant with their First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. [DN 9]. Defendant did not serve its Rule 26 initial disclosures until August 27, 2021, however, email correspondence between the parties

took place periodically between 2020 and 2021. [DN 14; *see also* DN 27; DN 29]. The Court granted Defendant's request for an extension of time to complete discovery requiring all discovery to be completed by December 10, 2021. [DN 22]. Plaintiffs, in preparation for the January 6, 2022, trial date, filed the present motions *in limine* and motion to deem FRCP 36 Requests for Admission as Admitted. [DN 24; DN 25; DN 26; DN 27].

## II.     Motions in Limine

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). Relevant evidence is admissible unless barred by the United States Constitution, a federal statute, the Federal Rules of Evidence, or rules of the Supreme Court. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), aff'd, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

Plaintiffs move to exclude from trial (1) any evidence regarding proceeds paid for business interruption, [DN 24], (2) any evidence or testimony regarding T. Lawsons,[1] [DN 25], and (3) any evidence or testimony regarding the tax value of Patti's before the fire. [DN 26]. Defendant has responded stating that it has "no intention of questioning any witness relative" to the requested exclusions. [DN 30; DN 31; DN 32]. Without any objections, the Court grants Plaintiffs' motions *in limine*. All testimony and evidence of (1) proceeds paid for business interruption, (2) T. Lawsons, and (3) Patti's tax value shall be excluded from trial.

### III. Request for Admissions

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A party shall respond with a written answer or objection within thirty days of being served. Fed. R. Civ. P. 36(a)(3). If a party fails to timely respond, the matter is considered admitted. *Id.* The Court, however, has "considerable discretion in handling discovery matters." *Eastridge v. Goodrich Corp.*, No. 3:12-CV-862-DJH-CHL, 2016 WL 5661508, at *5 (W.D. Ky. Sept. 29, 2016) (citing *Hadfield v. Newpage Corp.*, 2016 WL 427924, at *3 (W.D. Ky. Feb. 3, 2016)). "As part of this discretion, the Court may 'permit a longer time for a written answer to a request for admission and to accept the filing of an answer that would otherwise be untimely.'" *Id.* (citing *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (internal quotation marks and citation omitted)). "Therefore, the Court is not required to deem all matters admitted for failure to timely respond." *Id.*

---

[1] In their Motion in Limine, Plaintiffs explained that a restaurant called T. Lawson's has been utilized for continued dining and to retain some of their employees while Patti's was out of service. [DN 25].

Federal Rule of Civil Procedure 36 is designed to "expedite trial by eliminating the necessity of proving undisputed and peripheral issues." *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989) (citing *Peter v. Arrien,* 319 F.Supp. 1348, 1349 (E.D.Pa.1970)); *Petroff-Kline*, 557 F.3d at 293. Request for admissions are not intended to "establish facts which are obviously in dispute or to answer questions of law." *U.S. Bank Nat'l Ass'n v. Gunn*, 23 F. Supp. 3d 426, 433 (D. Del. 2014) (quoting *Kosta,* 709 F.Supp. at 594). As such, the Court can disregard a party's failure to abide by the time requirements of Rule 36 when "the delay was not occasioned by a lack of good faith, when such filing will facilitate a proper determination of the merits and when the untimely response will not unduly prejudice the requesting party." *Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 39–40 (W.D.N.Y. 1985) (collecting cases); Time for Requests and Responses to Requests, 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed.).

In the present case, Plaintiffs' request for admissions are neither "undisputed" nor "peripheral." Rather, they are the central issues of this case. If Defendants admitted the requested admissions, they would effectively resolve the dispute. *See Kosta*, 709 F. Supp. at 595. Undoubtedly, that was not Defendant's intent, nor is that the intended role of Rule 36. Such a harsh sanction is unwarranted. Further, there is no sign of bad faith. Defendant claims complications arising from Covid-19 were the cause of the delay and supplied Plaintiffs with drafts of answers to the requests for admission "in an effort to become totally transparent." [DN 29]. Moreover, Plaintiffs have not shown, nor does it appear likely that they could show, any real prejudice resulting from Defendant's unexcused lateness. The admissions requested were all implicitly included in Plaintiffs' Complaint and were previously denied in Defendant's Answer. [*See* DN 1-1; DN 4]. Plaintiffs have therefore been aware of the nature of the information sought and should not be hampered in any way in preparation for trial. As such, denying Plaintiffs' request for

admissions to be admitted would preserve the presentation of the action on its merits, and would not produce undue prejudice for either party. Thus, the Court will exercise its discretion by denying Plaintiffs' Motion to Deem FRCP 36 Requests for Admission as Admitted. [DN 27].

### IV. Conclusion

**IT IS HEREBY ORDERED**, for the reasons stated above, that Plaintiffs' Motions in Limine are **GRANTED**. [DN 24; DN 25; DN 26]. Plaintiffs' Motion to Deem FRCP 36 Request for Admissions as Admitted is **DENIED**. [DN 27].

**IT IS SO ORDERED**.

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 14, 2021

cc: counsel